# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENVILLE

| | | |
|---|---|---|
| EASTMAN CHEMICAL COMPANY, <br> a Delaware Corporation doing <br> business in the State of Tennessee, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | NO. 2:10-CV-218 <br> (Judge Mattice) |
| URS CORPORATION, <br> a Nevada Corporation, | ) <br> ) <br> ) | (Magistrate Judge Lee) |
| Defendant / Third Party Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| APOLLO ENVIRONMENTAL <br> STRATEGIES, INC., <br> BMC HOLDINGS INC., TERRA CAPITAL, <br> INC., and TERRA INDUSTRIES, INC. | ) <br> ) <br> ) <br> ) <br> ) | |
| Third Party Defendants. | ) <br> ) | |

## APOLLO ENVIRONMENTAL STRATEGIES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO TRASFER VENUE

COMES NOW Third-Party Defendant, Apollo Environmental Strategies, Inc. and files this memorandum in support of its motion to dismiss third-party plaintiff's suit for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), asking this Court to dismiss this lawsuit, or, in the alternative, motion to transfer venue asking this Court to transfer the case to the Eastern District of Texas Beaumont Division, as authorized by 28 U.S.C. §§1404(a) and 1406(a), and in support thereof would respectfully show the Court as follows:

## I. Parties

1.  Plaintiff is Eastman Chemical Company ("Eastman"), a Tennessee corporation;

2.  Defendant/Third-Party Plaintiff is URS Corporation ("URS"), a Nevada Corporation with its principal place of business in San Francisco, California;

3.  Third-Party Defendant, Apollo Environmental Strategies, Inc. ("Apollo") is a nonresident Texas corporation with administrative offices in Beaumont, Texas. Apollo has had no purposeful contacts with the State of Tennessee.

## II. Factual Background

4.  This lawsuit arises out of an incident that occurred on or about July 15, 2008, near Beaumont, Texas. On the day in question, Apollo was drilling for soil and water samples in performance of its contractual duties to URS. URS entered into a contract with Apollo on June 15, 2007. While performing its duties under the contract, Apollo allegedly punctured a four-inch methanol pipeline owned by Terra Industries, Inc. ("Terra"). Plaintiff alleges Apollo's actions caused methanol to release or spill into the surrounding area. As a result, Eastman allegedly bore the cost of cleaning up the spill and the soil remediation.

5.  Eastman filed suit against URS in the Law Court for Sullivan County at Kingsport, Tennessee on July 30, 2010. URS filed a notice of removal in this court on October 1, 2010 and answered on October 8, 2010. Subsequently, URS filed its third-party complaint against Apollo on October 22, 2010 alleging breach of contract and "breach of the standard of care". All of the events giving rise to this suit occurred in Texas.

## III. Summary of Argument

6.  This lawsuit should be dismissed because the court's exercise of jurisdiction will violate due process. Federal courts do not have jurisdiction over a nonresident defendant unless the

nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice."[1]

7. Alternatively, the lawsuit should be transferred to the Eastern District of Texas Beaumont Division for the convenience of the parties because the incident made the basis of this lawsuit occurred in the Eastern District of Texas, the present forum is inconvenient for Third-Party Defendant, and Plaintiff and Defendant/Third-Party Plaintiff will not be inconvenienced by the transfer.

8. The contract between URS and Apollo was negotiated and executed in Texas. The entire scope of the work to be performed under the contract was to take place in Texas. Employees of the respective companies in Texas performed the work under the contract utilizing Texas technology. The customs and standards of Texas industries and plants were utilized in the performance of the contract. The environmental cleanup took place under the auspice of Texas Regulatory agencies. The money damages occurred in Texas. In short, the vast majority of all facts and witnesses related to this case are in Beaumont, Texas. The only relationship the lawsuit has to Tennessee is a provision in the contract between URS and Eastman. Under the terms of the contract between Apollo and URS this provision is not applicable to contractual relationship between Apollo and URS.

## IV. Argument and Authorities

**A. The suit should be dismissed because Apollo lacks "minimum contacts" with the State of Tennessee.**

8. Under minimum contacts analysis, the court must determine whether the non-resident party purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state.[2] A non-resident defendant's contacts with the forum state must

---

[1] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).
[2] *Asahi Metal Indus. Co. v. Superior Court of Cal. Solano County*, 480 U.S. 102, 109 (1987).

be such that the defendant should "reasonably anticipate being hauled into court" there.[3] In measuring minimum contacts, the Court should consider the following: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the claim to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties.[4] Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant.[5]

**Specific Jurisdiction**

9.  A court has specific jurisdiction when a plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state. The Court cannot exercise specific jurisdiction over a non-resident defendant unless that defendant's activities were purposefully directed to the forum state and the litigation resulted from alleged injuries that arise from or relate to those activities.[6]

10. The court, in this case, does not have specific jurisdiction over Apollo because Apollo did not purposefully direct its activities to Tennessee.[7] Apollo does not conduct business or otherwise reside in Tennessee. It does not maintain a registered agent for service of process, an office, a bank account, property, or any employees in Tennessee.[8] Any contact with Tennessee is minimal or passive and not directed to the forum state in particular. Additionally, none of the relevant claims in this suit arise from or relate to Apollo's contacts with Tennessee. Rather, all claims arise from the aforementioned set of events occurring in Texas.

**General Jurisdiction**

---

[3] *World-Wide Volkswagen*, 444 U.S. at 296.
[4] *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).
[5] *Id.*
[6] *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).
[7] Affidavit of Sandy Elms is attached as Exhibit "A" and incorporated by reference.
[8] *Id.*

4

11. The court cannot exercise general jurisdiction over a nonresident defendant unless that party has engaged in continuous and systematic activities within the forum state.[9] Again, the court does not have general jurisdiction in this case because Apollo has not had continuous or systematic contacts with Tennessee. Apollo has not traveled to Tennessee, has no place of business in Tennessee and has not taken any other action that would put Apollo on notice that it is subject to the jurisdiction of a Tennessee court.[10] Apollo is a Texas corporation that provides environmental remediation and drilling, coastal restoration and general construction services, most of which are located in the State of Texas.[11]

**B.** **This suit should be dismissed because the Court's exercise of jurisdiction does not comport with "fair play and substantial justice."**

12. This court's assumption of jurisdiction over Apollo and its property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.[12] The court should decline to exercise jurisdiction because: (1) the burden on third-party defendant is too great, (2) the forum state has little interest in adjudicating this dispute, (3) the plaintiff's interest in convenient and effective relief can be satisfied elsewhere, and (4) the interstate judicial system's interest in obtaining the most efficient resolution can be fulfilled through other means.

13. The court's assumption of jurisdiction over third-party defendant and its property would place an extraordinary burden on Apollo. This factor is of special significance, because it serves to "prevent the filing of vexatious claims in a distant forum where the burden of appearing is onerous."[13] Again, Apollo is a Texas corporation with its primary place of business in Texas. Claims pending in this action took place in Texas and affected Texas interests. Furthermore, most

---

[9] *Id.* at 415-16.
[10] *See* affidavit of Sandy Elms, attached as Exhibit "A."
[11] *Id.*
[12] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).
[13] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir. 1998)

5

of the files, records and witnesses relevant to the incident in question are located in Texas. To require Apollo to appear in a Tennessee court regarding these claims would be unduly burdensome.

14. The court's assumption of jurisdiction over third-party defendant and its property would also serve no interest of the forum state. The State of Tennessee's interests, if any, are minor. Other than the plaintiff, no other party to this suit is a Tennessee corporation. Additionally, Apollo's contractual agreement with URS has no substantial connection with Tennessee. Lastly, a substantial portion of these claims affect Texas interests. The Texas Commission on Environmental Quality (TCEQ) is charged with providing regulatory oversight of chemical spills and remediation through the Texas Risk Reduction Program Rules, Title 30 of the Texas Administrative Code. TECQ was contacted on July 17, 2008 and cleanup began under its Voluntary Cleanup Program.

15. Finally, the court's assumption of jurisdiction over third-party defendant and its property would allow plaintiff to prosecute its suit in Tennessee even though it could obtain the same or similar relief in Texas. There is no indication that a Texas court would be any less fair or less effective in resolving the dispute at issue. In fact, exercising jurisdiction over Apollo would prevent the parties from resolving this dispute more efficiently in a Texas forum. As has been noted previously, most, if not all of the parties and instrumentalities necessary to successfully resolve this dispute, including the location of the alleged spill, are situated in Texas.

**C.  There is not a requirement in the contract between Apollo and URS mandating that venue is proper in the Eastern District of Tennessee.**

16. The contract between URS and Apollo[14] contains the following provision regarding disputes:

---

[14] A complete copy of the contract between Apollo and URS is attached as Exhibit "B" and incorporated by reference.

6
Case 2:10-cv-00218   Document 14   Filed 11/10/10   Page 6 of 12   PageID #: 345

> **ARTICLE XI – <u>Disputes</u>.** After first attempting to resolve disputes through good faith negotiations, the parties may pursue their respective remedies at law or equity for any claim, controversy, or dispute relating to this Subcontract, except to the extent that the Prime Contract provides otherwise. In the event that a dispute between URS and Subcontractor relates to a dispute between URS and Client, Subcontractor and URS agree to be bound by the dispute resolution procedures in the Prime Contract, and in such event, Subcontractor consents to joinder in any proceedings between URS and Client upon the request of URS. Subcontractor, however, shall not have the right to join in proceedings between URS and Client unless URS consents to the joinder.

17. Attachment 3 to the Apollo/URS contract, however, does not include the dispute provision from the Eastman/URS (or Prime Contract). Attachment 3 is titled, "**SUPPLEMENTAL TERMS AND CONDITIONS TO SUBCONTRACTS ISSUED UNDER THE TEXAS EASTMAN COMPANY SPECIAL TERMS AND CONDITIONS FOR PROFESSIONAL SERVICES**." It states:

> **The following clauses are from URS' contract with Texas Eastman that are applicable to Subcontractor and any lower tier subcontractors. In these clauses wherever reference is made to "Engineer" substitute "Subcontractor" and wherever "Eastman" appears substitute "URS and/or Eastman" wherever necessary or desirable to protect the interests of either URS or Eastman.**

18. Attachment 3 includes two articles from the Eastman/URS contract: (1) Article 11. Insurance and (2) Article 16. Ownership of Documents. The venue and jurisdiction provision in the Eastman/URS contract does not appear in Exhibit 3. Further, the contract between Eastman and URS was not provided to Apollo when the contract between URS and Apollo was executed.

19. The Apollo/URS contact does not require venue for this claim to be in the Eastern District of Tennessee because the clause of the Eastman/URS contract mandating venue in Tennessee is not attached to the Apollo/URS contract.

20. In the alternative, the contract between Apollo and URS is ambiguous and/or does not show a meeting of the minds with respect to resolution of disputes. Under Tennessee law, a meeting of the minds as to the essential terms of a contract is necessary in order for the contract to

be binding.[15] The lack of the venue provision in Attachment 3 demonstrates that there was no meeting of the minds between Apollo and URS regarding dispute resolution and venue. As such, the contract should not be interpreted to require resolution of disputes between Apollo and URS in the Eastern District of Tennessee.

21. In the alternative, the contract between Apollo and URS is ambiguous as to dispute resolution. When contractual language is found to be ambiguous, the court must apply established rules of construction to determine the intent of the parties.[16] An ambiguous provision in a contract generally will be construed against the party drafting it.[17] The contract between Apollo and URS was drafted by URS. URS is the party contending venue is proper in the Eastern District of Tennessee. Because the provision in the Apollo/URS contract regarding dispute resolution and venue (drafted by URS) is ambiguous, it should be construed against URS and the Court should find that venue is not proper in the Eastern District of Tennessee.

**D.    In the alternative, the Court should transfer the case to the Eastern District of Texas Beaumont Division for the convenience of the parties**

22. Transfers of venue are authorized by 28 U.S.C. § 1404(a). Section 1404(a) provides the "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and

---

[15] *See Wills & Wills v. Gill,* 54 S.W.3d 283, 286 (Tenn.Ct.App.2001).
[16] *Planters Gin Co. v. Fed. Compress & Warehouse Co.,* 78 S.W.3d 885, 890 (Tenn.2002).
[17] *Hanover Ins. Co. v. Haney,* 221 Tenn. 148, 425 S.W.2d 590, 592 (1968); *Vargo v. Lincoln Brass Works, Inc.,* 115 S.W.3d 487, 492 (Tenn.Ct.App.2003).

fairness.'"[18] Indeed, "[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."[19]

23. In consideration of a motion to transfer venue, such "subtle considerations" involve a balancing test of "a number of case-specific factors."[20] These factors include the plaintiff's choice of forum,[21] convenience of the parties,[22] and convenience of key witnesses.[23] In fact, "[t]he idea behind § 1404(a) is that where a 'civil action'…presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can…transfer the whole action to the more convenient court."[24] Indeed, Section 1404(a) was designed to prevent the waste of time, energy, and money.[25] Other factors to consider include "the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, [and] the differences in the costs of litigation in the two forums."[26]

24. The present forum is inconvenient for Third-Party Defendant, and Plaintiff and Defendant/Third-Party Plaintiff will not be inconvenienced by the transfer.[27] As described above, Third-Party Defendant has no contacts with The Eastern District of Tennessee to subject Third-Party Defendant to the jurisdiction of the Court. Third-Party Defendant Apollo does not conduct business or otherwise reside in Tennessee. It does not maintain a registered agent for service of process, an office, a bank account, property, or any employees in Tennessee.

---

[18] *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).
[19] *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).
[20] *Stewart*, 487 U.S. at 29.
[21] *E.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 (1981).
[22] *E.g., Ventress v. Japan Airlines*, 486 F.3d 1111, 1119 (9th Cir. 2007)..
[23] *E.g., Stewart*, 487 U.S. at 32.
[24] *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).
[25] *Id.*
[26] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (internal numbering omitted).
[27] *Sorresl Steel Co. v. Great Sw. Corp.* 651 F.Supp. 623, 629 (S.D. Miss. 1986).

25. Additionally, none of the relevant claims in this suit arise from or relate to Apollo's (or any party's) contacts with Tennessee. Rather, all claims arise from the events occurring in Texas. Because the incident occurred in Beaumont, Texas, and the majority of the evidence and witnesses are located in Beaumont, Texas, it would not be inconvenient for the other parties to transfer the case to the Eastern District of Texas Beaumont Division.

## V.  Conclusion

26. Defendant has had no minimum contacts with Tennessee. The court's assumption of jurisdiction over defendant would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law. Further there is no requirement, contractual or otherwise, to mandate jurisdiction of the dispute between Apollo and URS in Tennessee. In the alternative, because Plaintiff and Defendant/Third-Party Plaintiff filed suit in an inconvenient district, the Court should transfer Plaintiff's suit to the Eastern District of Texas Beaumont Division. For these reasons, defendant asks the court to dismiss all of third-party plaintiff's claims and grant third-party defendant, or, in the alternative, transfer the case to the Eastern District of Texas Beaumont Division, and for all other relief to which it is entitled.

Respectfully submitted, this 10th day of November 2010.

LEWIS, KING, KREIG & WALDROP, P.C.

s/ Deborah C. Stevens
Deborah Stevens (BPR #007241)
dstevens@lewisking.com
One Centre Square, Fifth Floor
620 Market St.
Knoxville, TN 37902
(865) 546-4646
FAX (865) 523-6529

Keith R. Taunton (Texas Bar No. 19681100)
ktaunton@ttsslawfirm.com
Tucker, Taunton, Snyder & Slade
***PRO HAC VICE MOTION TO BE FILED***
10370 Richmond Avenue, Suite 1400
Houston, Texas 77042
(713) 961-5800
FAX (713) 993-2308

*ATTORNEYS FOR THIRD PARTY DEFENDANT
APOLLO ENVIRONMENAL STRATEGIES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of November 2010, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Deborah C. Stevens
Deborah C. Stevens (BPR #007241)