UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| EASTMAN CHEMICAL COMPANY, ) <br> a Delaware Corporation doing ) <br> business in the State of Tennessee, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> URS CORPORATION, ) <br> a Nevada Corporation, ) <br> ) <br> Defendant / Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APOLLO ENVIRONMENTAL ) <br> STRATEGIES, INC., ) <br> BMC HOLDINGS INC., TERRA CAPITAL ) <br> , INC., and TERRA INDUSTRIES, INC. ) <br> ) <br> Third Party Defendants. ) <br> ) | NO. 2:10-CV-218 <br> (Judge Mattice) <br> (Magistrate Judge Lee) |

### AFFIDAVIT IN SUPPORT OF APOLLO ENVIRONMENTAL STRATEGIES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**STATE OF TEXAS**  §

**COUNTY OF _Jefferson_** §

BEFORE ME, the undersigned authority, on this day personally appeared Sandy Elms, Affiant, known to me to be the person whose name is subscribed to this Affidavit, and, after being duly sworn, upon his oath testified as follows:

1. My name is Sandy Elms. I am of sound mind, and competent to make this affidavit. I hereby swear and affirm that the facts stated in this Affidavit are within my personal knowledge and are true and correct.

2. I am the __President_____ for Apollo Environmental Strategies, Inc. ("Apollo"). I have worked for Apollo for _19 years, from _January, 1992 to the present

day. My employment with Apollo includes the time period of July, 2008 which coincides with the incident made the basis of this suit.

3. Apollo is a Texas corporation with its primary business located in the State of Texas. It has administrative offices in Beaumont and Galveston, Texas.

4. Apollo does not conduct business or otherwise reside within the State of Tennessee. Apollo does not maintain a registered agent for service, an office, bank account, property or any employees in the State of Tennessee. All of the work that Apollo did for URS related to this lawsuit occurred in Texas. The contract between Apollo and URS was negotiated and executed in Texas. Payment from URS was received by Apollo in Texas.

5. Further, the contract between URS and Apollo includes provisions of the prime contract (the contract between Eastman and URS) that are applicable to Apollo. The venue provision in the prime contract is not attached to the Apollo/URS contract. Based on my understanding of the contract and Apollo's previous contracts with URS, the venue provision in the prime contract is not applicable to Apollo under its contract with URS. At the time the contract between Apollo and URS was executed, a copy of the prime contract was not provided to Apollo nor incorporated in its entirety to the Apollo/URS contract.

SIGNED on this the __10th__ day of November, 2010.

_____
Sandy Elms
Pres., Apollo Environmental Strategies, Inc.

Subscribed and sworn to before me, the undersigned notary public, on this the _10_ day of _Nov._, 2010.

_____
Notary Public
State of Texas

KEISHA WILLIAMS
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
06-17-2013